IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERI LARUE and JACK LARUE,

        Petitioners,

        v.

UNITED STATES OF AMERICA,

        Respondent.

No. 3:15-cv-00705-HZ

OPINION & ORDER

Ronald H. Hoevet
Hoevet, Boise & Olson, PC
1000 S.W. Broadway, Suite 1500
Portland, OR 97205

    Attorney for Petitioners

Goud Pradyumna Maragani
US Department of Justice, Tax Division
Ben Franklin Station
P.O. Box 683
Washington, DC 20044-0683

    Attorney for Respondent

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

On January 26, 2015, Respondent United States of America, Internal Revenue Service (IRS), issued a Formal Document Request (FDR) to Petitioners Cheri LaRue and Jack LaRue (collectively, "Petitioners"). The IRS seeks documents related to foreign trusts, entities, and accounts connected to the federal income tax liabilities of Petitioners for 1997 through 2009 and 2011 through 2013. On April 24, 2015, Petitioners filed a petition in this Court to quash the FDR. Now before the Court is the IRS's motion to deny the petition to quash. For the reasons that follow, the IRS's motion is granted.

## BACKGROUND

On August 27, 2013; May 8, 2014; and September 11, 2014; IRS Revenue Agent Ivan Bahamonde issued Information Document Requests (IDRs) in connection with the examination of Petitioners' tax returns. Declaration of Agent Bahamonde (Bahamonde Decl.) ¶¶ 7, 12, 16; ECF 10-1.  Petitioners declined his requests for an interview and production of documents. Id. at ¶ 11, 15, 16. On May 8, 2014, and October 30, 2014, Agent Bahamonde issued summonses to Petitioners and requested the same information contained in the IDRs. Id. at ¶¶ 13, 18. In response to the October 30, 2014 summonses, Petitioners appeared before IRS Revenue Agent Susan Murrell and asserted their Fifth Amendment privilege under the act of production doctrine. Id. at ¶ 20. The IRS did not enforce the summonses and, instead, issued the present FDR on January 26, 2015. Id. at ¶ 21.

According to Agent Bahamonde, the IRS has obtained information showing that Petitioners used Portcullis Trustnet Group to set up offshore trusts in order to avoid paying U.S. income tax. Id. at ¶ 4. The FDR seeks documents within the following categories of accounts

over which Petitioners had signature or other authority or exercised control: foreign bank accounts; foreign credit, ATM, or charge accounts; foreign brokerage or securities accounts, in any name; foreign entities or structures; and foreign trusts. Id. at ¶ 24. The IRS is investigating: (1) the nature of the funds deposited into the offshore accounts; (2) whether income generated by the accounts was properly reported by Petitioners; (3) what happened to the funds when the offshore accounts were terminated; and (4) whether Petitioners filed the appropriate information returns related to interests in foreign bank accounts and entities during the tax periods at issue. Id. at ¶ 6.

## STANDARDS

Pursuant to 26 U.S.C. § 982(c)(1), the IRS is authorized to issue a FDR to any taxpayer to request foreign-based documentation. "Foreign-based documentation" means "any documentation which is outside the United States and which may be relevant or material to the tax treatment of the examined item." 26 U.S.C. § 982(d). "Congress enacted Section 982 as a pretrial discovery tool 'to discourage taxpayers from delaying or refusing disclosure of certain foreign-based information to the IRS.'" Matter of Int'l Mktg., Ltd. v. United States, No. C-90-1839-SAW, 1990 WL 138528, at *1 (N.D. Cal. Aug. 20, 1990) (citing Conf. Rept. 97–760, to accompany H.R. 4961, 97th Cong., 2d Sess., reprinted in 1982 U.S. Code Cong. & Ad. News 781, 1363; and 1982–2 C.B. 600.).

A person who is mailed a FDR has the right to begin a proceeding to quash the FDR not later than ninety days from the day it was mailed. 26 U.S.C. § 982(c)(2)(A). If the taxpayer seeks to quash the FDR, the government, in the same proceeding, can seek to enforce the FDR. 26 U.S.C. § 982(c)(2)(A); Yujuico v. United States, 818 F. Supp. 285, 287 (N.D. Cal. 1993).

3 - OPINION & ORDER

The standards for enforcement of a FDR are the same as applied to administrative summons under United States v. Powell, 379 U.S. 48 (1964). In order to enforce a FDR, and defeat a petition to quash, the IRS must show that: 1) the investigation is conducted for a legitimate purpose; 2) the inquiry may be relevant to that purpose; 3) the information requested is not already in the possession of the IRS; and 4) the administrative steps required by the Internal Revenue Code have been followed. Powell, 379 U.S. at 57–58. The IRS is required to establish a *prima facie* case that the Powell requirements have been met. United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9th Cir. 1983). Declarations or affidavits by directors or agents generally satisfy the requirements set forth in Powell. See Lidas Inc. v. United States, 238 F.3d 1076, 1082 (9th Cir. 2001).

In addition to meeting the Powell standard, the IRS must show that the FDR satisfies the procedural requirements of 26 U.S.C. § 982 (c)(1). Chris Marine USA, Inc. v. United States, 892 F. Supp. 1437, 1443 (M.D. Fla. 1995); Yujuico, 818 F. Supp. at 287. Section 982 requires that a FDR be mailed by registered or certified mail to the taxpayer at its last known address and set forth (1) the time and place for the production of the documentation; (2) a statement for the reason the documentation previously produced, if any, is not sufficient; (3) a description of the documentation being sought; and (4) the consequences to the taxpayer for failing to produce the documentation described in the FDR. 26 U.S.C. § 982(c).

## DISCUSSION

Petitioners concede that the IRS has met its burden as to the Powell requirements and the administrative requirements of Section 982. Petitioners also do not dispute that the required records doctrine requires them to turn over records required to be kept and subject to inspection

under the Bank Secrecy Act between January 26, 2010 and January 26, 2015. See In re M.H., 648 F.3d 1067, 1079 (9th Cir. 2011). Nevertheless, Petitioners ask this Court to quash the FDR for two reasons: (1) Petitioners are not in possession, custody, or control of the requested foreign-based documents; and (2) Petitioners invoke their Fifth Amendment privilege against self-incrimination under the act of production doctrine.

Alternatively, Petitioners argue that the case is not yet ripe and ask the Court to order Petitioners to appear before the IRS for the purpose of asserting these arguments. The Court finds no legal support for this alternative remedy. Petitioners acknowledge that the FDR, unlike an IRS summons, does not require Petitioners to appear before an IRS agent. Furthermore, this Court finds cases from districts throughout the country that rule on the enforceability of a FDR. See, e.g., Chris-Marine USA, Inc. v. United States, 892 F. Supp. 1437 (M.D. Fla. 1995); Spearbeck v. United States, 846 F. Supp. 47, 49 (W.D. Wash. 1993); Yujuico v. United States, 818 F. Supp. 285, 289 (N.D. Cal. 1993). Accordingly, the Court declines to send Petitioners to an IRS hearing and, instead, addresses the merits of the issues raised in this motion.

**I.       Possession, custody, or control of documents**

Petitioners submit the declaration of Jack LaRue, who states: "My wife and I are not in possession, custody, or control of any documents located outside the United States that are responsive to the Formal Document Request." Jack LaRue Decl. ¶ 3, ECF 16. He further declares that Petitioners "have not had an interest in any foreign bank account, foreign brokerage or security account, ownership of a foreign entity or structure, or a foreign trust in at least the last five years." Id. at ¶ 4.

"A person receiving an IRS summons is . . . entitled to contest it in an enforcement proceeding." United States v. Clarke, 134 S. Ct. 2361, 2367 (2014) (citing United States v. Bisceglia, 420 U.S. 141, 146 (1975)). The standards for enforcement of a summons and a FDR are the same. See, e.g., Yujuico, 818 F. Supp. at 287 (N.D. Cal. 1993). "In these proceedings, the taxpayer carries the burden of establishing affirmative defenses." United States v. Seetapun, 750 F.2d 601, 604 (7th Cir. 1984) (citing United States v. Kis, 658 F.2d 526, 542 (7th Cir. 1981)).

Lack of custody or control is a defense to enforcement of the FDR. United States v. Bright, 596 F.3d 683, 695 (9th Cir. 2010); see also United States v. Rylander, 460 U.S. 752, 757 (1983) (One "appropriate ground" to challenge IRS summonses is the "lack of possession or control of records."). "[T]he party resisting enforcement bears the burden of producing credible evidence that he does not possess or control the documents sought." United States v. Billie, 611 Fed. App'x. 608, 610 (11th Cir. 2015), quoting United States v. Huckaby, 776 F.2d 564, 567 (5th Cir. 1985).

The parties do not cite, and this Court does not find, controlling authority regarding what a taxpayer must show to meet his or her burden of demonstrating a lack of possession, custody, or control of the requested documents. However, the taxpayer's "responsibilities surely go further than a *pro forma* demand and cursory search for records," Seetapun, 750 F.2d at 605, or a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence," FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997). Indeed, "if at this stage the taxpayer cannot refute the government's prima facie Powell showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers

before it and without an evidentiary hearing." Kis, 658 F.2d at 539 (citing Powell, 379 U.S. at 58).

Here, the IRS presents the declaration of Agent Bahamonde, who states that he determined, based on information obtained by the IRS, that Petitioners used Portcullis Trustnet Group to facilitate a scheme whereby Petitioners set up offshore trusts to improperly avoid U.S. income tax. Bahamonde Decl. ¶ 4. Agent Bahamonde identifies trusts, entities, and financial accounts that Petitioners allegedly created outside of the United States and over which they exercised control. Id. at ¶ 5. Specifically, Agent Bahamonde identifies the Islands International Trust, Pacific International Trust, Pacific Islands International Trust, and Seabridge, LLC. Id.

Petitioners fail to present any evidence, let alone "credible evidence," that they do not possess or control the documents at issue. Petitioners do not deny that they owned or controlled these trusts, entities, or accounts; instead, they deny that they have had any interest in them in at least five years. Jack LaRue Decl. ¶ 4. Petitioners also fail to assert that they have made any efforts to retrieve the summoned documents from any party. Petitioners' general declaration that they do not have custody or control of the requested documents falls far short of establishing a defense. Accordingly, the Court concludes that Petitioners have failed to meet their burden to counter the IRS's evidence that Petitioners possess or have custody of the documents and records the IRS seeks.

## II.    Act of production doctrine

Petitioners assert the "act of production privilege" under the Fifth Amendment as to the documents requested in the FDR. The IRS argues that the production of documents related to the

foreign trusts, entities, and financial accounts identified in the Bahamonde Declaration are not eligible for protection under the privilege.

"The Fifth Amendment grants persons the privilege not to 'provide the State with [self-incriminatory] evidence of a testimonial or communicative nature.'" United States v. Rodriguez–Rodriguez, 441 F.3d 767, 772 (9th Cir. 2006) (quoting Schmerber v. California, 384 U.S. 757, 761 (1966)).

> The act of producing evidence in response to a subpoena ... has communicative aspects of its own, wholly aside from the contents of the papers produced. Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena.

Fisher v. United States, 425 U.S. 391, 410 (1976). However, where "[t]he existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers," enforcement of the summons does not touch upon constitutional rights. Id. at 411 (citing In re Harris, 221 U.S. 274, 279 (1911)). "Under these circumstances ... 'the question is not of testimony but of surrender.'" Fisher, 425 U.S. at 411 (quoting In re Harris, 221 U.S. at 279).

"For this foregone conclusion exception to apply, the government must establish its independent knowledge of three elements: the documents' existence, the documents' authenticity and respondent's possession or control of the documents." Bright, 596 F.3d at 692 (citing United States v. Hubbell, 530 U.S. 27, 40–41 (2000)). The government bears the burden of proof and must have had the requisite knowledge before issuing the summons or subpoena. Id. (citing In re Grand Jury Subpoena, 383 F.3d at 910).

8 - OPINION & ORDER

In Bright, the Ninth Circuit affirmed the district court's enforcement of IRS summonses of records relating to two credit cards identified with the Brights that were linked to offshore accounts. Id. The court concluded that the existence of the two credit card accounts was a "foregone conclusion" with "no testimonial significance." Id. at 689, 693. In reaching its conclusion, the court noted the following factors: (1) the IRS independently knew the about the existence of documents related to the two credit cards before it issued the summonses; (2) documents could be independently authenticated by banking officials without taxpayers' assistance, including without information gleaned from documents; and (3) the IRS knew that the taxpayers had custody and control of documents by virtue of account-holders at both banks having access to basic account records through the internet. On the other hand, the foregone conclusion exception did not apply to records of two additional credit cards that were not named during the enforcement proceeding and were only discovered later by the government through an ongoing investigation. Id. at 694.

Here, the IRS contends that the foregone conclusion exception applies to documents related to the Islands International Trust, Pacific International Trust, Pacific Islands International Trust, and Seabridge LLC. Petitioners concede that "the existence of Islands International Trust is a foregone conclusion" and that they are required to produce documents related to that trust. Pet'rs' Answer fn. 2, p. 5, ECF 14. However, Petitioners argue that they may invoke their Fifth Amendment privilege as to the remaining documents.

In support of their invocation of the Fifth Amendment privilege, Petitioners asserted in their opening brief that "it does not appear that the IRS knows if the Petitioners ever had a foreign bank account, brokerage or security account or foreign trust." Pet'rs' Am. Br. 5, ECF 13.

9 - OPINION & ORDER

In response, the IRS submitted the Bahamonde Declaration, which identified in Paragraph 5 the existence of three specific trusts and one LLC. Plaintiff provides no counter-argument as to why Agent Bahamonde's declaration does not establish the IRS's knowledge of the existence of documents connected to these trusts and LLC. Nor do Petitioners offer any argument regarding the documents' authenticity. Finally, as discussed above, the Court finds no reason not to infer that the documents are within Petitioners' custody or control.

In summary, Petitioners cannot lawfully refuse to produce the records identified in Agent Bahamonde's declaration which are requested in the FDR because the existence of the records relating to those entities is a foregone conclusion. Thus, the production of the documents is not testimonial in nature for purposes of the Fifth Amendment. See Fisher, 425 U.S. at 411.

## CONCLUSION

The Court grants the IRS's motion [10] to deny Petitioners' petition to quash and grants the IRS's counterpetition to enforce the FDR. Petitioners are ordered to produce the documents requested in the FDR within 30 days of the date below.

IT IS SO ORDERED.

Dated this ___22___ day of ___December___, 2015.

_Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge

10 - OPINION & ORDER