IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERI LARUE and JACK LARUE,

            Petitioners,

    v.

UNITED STATES OF AMERICA,

            Respondent.

No. 3:15-cv-00705-HZ

OPINION & ORDER

Ronald H. Hoevet
Hoevet, Boise & Olson, PC
1000 SW Broadway, Suite 1500
Portland, OR 97205

    Attorney for Petitioners

Goud Pradyumna Maragani
US Department of Justice, Tax Division
Ben Franklin Station
P.O. Box 683
Washington, DC 20044-0683

    Attorney for Respondent

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

On December 22, 2015, this Court issued an Opinion & Order denying Petitioners' petition to quash a Formal Document Request ("FDR"), and granting Respondent's counter-petition to enforce it. The Court ordered Petitioners to produce the documents requested in the FDR.

Instead of complying, on February 5, 2016, Petitioners filed a "Motion to Clarify" the Court's Opinion & Order. Petitioners request that the Court define "foreign-based documents," which are the type of documents sought in the FDR.

## STANDARDS

Section 982(c)(1) of the Internal Revenue Code authorizes the IRS to issue a FDR to any taxpayer as a request for "the production of foreign-based documentation[.]" "The FDR supplements the IRS's administrative summons authority and is meant to discourage taxpayers from delaying or refusing to disclose certain foreign-based information to the IRS." Chris-Marine USA, Inc. v. United States, 892 F. Supp. 1437, 1442 (M.D. Fla. 1995) (citing Yujuico v. United States, 818 F. Supp. 285, 286 (N.D. Cal. 1993)). The statute further provides that if a taxpayer fails to substantially comply with an FDR within ninety days, the IRS may move to prohibit the later introduction of any foreign-based documents by the taxpayer. I.R.C. § 982(a). "[T]he term 'foreign-based documentation' means any documentation which is outside the United States and which may be relevant to the tax treatment of the examined item." I.R.C. § 982(d)(1).

## DISCUSSION

According to Petitioners, "foreign-based documents" are documents that are physically located in a foreign country. Pet'rs' Mot. to Clarify at 1, ECF No. 21. They point to legislative

history of the term, which mirrors the definition in I.R.C. § 982, to argue that the statute's and legislative history's use of the phrase "outside the United States" means that any documents located inside the United States are not "foreign-based." Id. Additionally, Petitioners cite an IRS International Audit Practice Unit ("Practice Unit"), which they assert contains evidence that FDRs apply only to documents held outside the United States. Id. at 3. The Practice Unit suggests that IRS agents issue summonses in tandem with FDRs, as a United States taxpayer "may relocate the records to its custody in the U.S." LB&I International Practice Service Process Unit – Audit, at 10 (2014), https://www.irs.gov/pub/int_practice_units/IGA9460_02_02.pdf (hereinafter Practice Unit).

Respondent disagrees with Petitioners' proposed definition. According to Respondent, foreign-based documents are documents held abroad and copies of those documents held in the United States. Resp. at 5, ECF No. 24. Respondent contends that it has reason to believe that Petitioners have copies of foreign-based documents in the United States, and that these copies are considered foreign-based for purposes of responding to the FDR. Resp. at 2, 5.

Respondent cites Chris-Marine USA, Inc. v. United States for the proposition that copies of foreign-based documents in the United States retain their "foreign-based" status and are thus responsive to an FDR. No. 93-1626-CIV-J-21B, 94-121-CIV-J-21B, 1998 WL 723147, at *3 (M.D. Fla. July 22, 1998). In Chris-Marine, the plaintiff owner of a domestic entity and several foreign entities being audited was fined and held in contempt of court for failing to comply with an FDR. Id. at *7. The requested documents were bank statements which were sent from a bank in the Cayman Islands to Chris-Marine International which was also located in the Cayman Islands. Id. at 3. Occasionally, the plaintiff would request that the statements be sent from the Cayman Islands to Chris-Marine USA in Florida, where he would review and dispose of them.

3 – OPINION & ORDER

Case 3:15-cv-00705-HZ    Document 26    Filed 04/13/16    Page 4 of 5

Id. at *3. The IRS issued a FDR upon the plaintiff in 1993, but the plaintiff did not comply. Id. at *1–2. Approximately five years after the FDR had been issued, the IRS conducted a search of the plaintiff's office in Florida. Id. at *3. During the search, the IRS discovered bank statements from the Cayman Islands which were responsive to the FDR. Id. Though the Chris-Marine court did not explicitly say whether these documents were considered foreign-based documents, because the plaintiff failed to produce them among other documents pursuant to an FDR, he was fined and held in contempt. Id. at *3, 7–8. Respondent reasons that the Court should infer that the documents in Chris-Marine were foreign-based, even though they were located in the United States, because "[t]he only type of documents that are responsive to an FDR are documents that fall into the definition of foreign-based documentation." Resp. at 3.

The Court agrees with Respondent that foreign-based documents include domestic copies of documents held abroad. First, the plain language of the statute does not address whether "foreign-based documents" includes documents held abroad which are copied and brought to the United States. However, the Court finds it untenable that copies of documents would lose their "foreign-based" status, making them unresponsive to an FDR, by virtue of being held by taxpayers domestically.

Second, the Practice Unit does not answer the specific question as to whether foreign-based documents lose their foreign status upon arrival in the United States. The Practice Unit is also not binding on this Court, as it is "not an official pronouncement of law, and cannot be used, cited or relied upon as such." Practice Unit at 1.

Finally, it is reasonable to infer that the Chris-Marine court found that copies of foreign-based documents do not lose their "foreign-based" status upon arrival to the United States. If, as Petitioners contend, a copy of a foreign-based document were to cease being "foreign-based"

4 – OPINION & ORDER

upon arrival in the United States, every foreign-based document that the IRS requests with an FDR would automatically become unresponsive to that very FDR as soon as it reaches the taxpayer in the United States.

## CONCLUSION

In response to Petitioners' Motion to Clarify, the Court concludes that "foreign-based documents" means documents held outside the United States and copies of those documents which may be held in the United States.

IT IS SO ORDERED.

Dated this \_\_\_13\_\_\_ day of \_\_\_April\_\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge